UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Joshua Hall (#104525), | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 25 C 5593 ) ) Hon. Virginia M. Kendall |
| JB Pritzker, *et al.*, | ) ) |
| Defendants. | ) |

## ORDER

The Clerk is instructed to terminate Eric Heilner as Plaintiff in this action. The Clerk is further instructed to update Plaintiff Hall's address to Dauphin County Prison, 501 Mall Road, Harrisburg, PA 17111-1299 (ID #104525), as is set forth in the document at docket no. 15 [15]. The Court denies Plaintiff's renewed application for leave to proceed *in forma pauperis* [15] without prejudice because it is incomplete. **Plaintiff is advised that he should not submit any documentation to this Court that contains his social security number.** Plaintiff must either (1) prepay the full $405.00 filing fee or (2) submit a renewed application to proceed *in forma pauperis* that complies with this order. Failure to comply by October 9, 2025 will result in summary dismissal of this case. Plaintiff is advised he has a continuing obligation to keep the Court apprised of his current address, and failure to do so will result in dismissal of this action for failure to comply with a court order and for want of prosecution. **Plaintiff is advised that the proper way to update his address is by filing a Notice of Change of Address Form with the Clerk's Office.** The Clerk of Court is directed to send Plaintiff a blank application for leave to proceed *in forma pauperis* **(which Plaintiff should use when submitting any renewed IFP application)**, a copy of this order, and a copy of the docket. The Court defers its review of the Complaint [1] until Plaintiff resolves his fee status.

## STATEMENT

Plaintiff Joshua Hall, an inmate at the Dauphin County Prison in Harrisburg, PA, brings this *pro se* civil rights action. Plaintiff seeks leave to proceed *in forma pauperis* (IFP) (Dkt. 15) in this lawsuit.[1]

The Prison Litigation Reform Act (PLRA) requires all inmates to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1). If an inmate is unable to prepay the fee, he may submit an application for leave to proceed IFP and, if granted, he will be allowed to pay the fee in installments deducted directly from his trust fund account. To apply to proceed IFP, an inmate must complete and submit

---

[1] Plaintiff's renewed IFP application was filed under seal (*see* Dkt. 15). The Clerk's Office reports that they sealed the document because it contains personal identifying information (specifically, Plaintiff's social security number). **Plaintiff is advised that he should not submit any documentation to this Court that contains his social security number.**

the Court's application form along with "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). The application must be signed by the inmate and certified by an authorized prison official. An inmate seeking to proceed IFP also should note that the application requires disclosure of all income received during the past twelve months, not just the six months required by the PLRA.

Plaintiff's renewed application is incomplete for the reasons discussed below.

First, Plaintiff has not submitted his application on the Court's standard form.

Second, the application does not include certified trust fund information for the six month period preceding the filing of this lawsuit (or, from November 19, 2024, to May 19, 2025).[2]

Accordingly, the Court denies Plaintiff's application to proceed IFP without prejudice. If Plaintiff wants the Court to consider whether he may pay the filing fee in installments, rather than prepaying the fee in full, he must submit a renewed application for leave to proceed IFP using the form provided by this Court. The application must be certified by an appropriate official. The application also must include a copy of Plaintiff's trust fund statement showing all transactions in his account or accounts for the six month period preceding the filing of the complaint. Alternatively, he may prepay the $405.00 filing fee.

Plaintiff should be aware that, by signing an application to proceed IFP, he declares under penalty of perjury that the information provided about his finances is true and correct. Providing intentionally incomplete or inaccurate information on the application could be grounds for dismissal of this lawsuit. *See* 28 U.S.C. § 1915(e)(2)(A); *Lofton v. SP Plus Corp.*, 578 F. App'x 603, 604 (7th Cir. 2014) (collecting cases upholding dismissals with prejudice for plaintiffs' failures to disclose assets on their IFP applications). Plaintiff therefore must ensure that his answers to all questions on any renewed application are complete, truthful, and accurate, or risk dismissal of the action with prejudice.

Plaintiff also should be aware that the PLRA requires all inmates to pay the filing fee, even if the case is summarily dismissed. *See* 28 U.S.C. § 1915(b)(1). Thus, he must either pay the filing fee upfront or pay the fee in installments consisting of 20% of his monthly income (including money sent by family and friends) until the filing fee is paid in full. If he is allowed to pay in installments, the collections from his account will follow him even if he is transferred to another facility. Waiver of the fee is not an option. *See Butler v. Deal*, 794 F. App'x 542, 544 (7th Cir. 2020) (explaining that PLRA "forbids outright forgiveness of the obligation to pay the filing fee").

---

[2] Based on Plaintiff's statements in his current filing, it appears that he was not incarcerated for the full/continuous six month period preceding the filing of the complaint. (*See* Dkt. 15 at pg. 1.) To be clear, Plaintiff must provide trust fund information for any period of time he was incarcerated during the relevant look-back period (November 2024 to May 2025). For any period(s) he was not incarcerated during the relevant look-back period, he must disclose how he was supporting himself.

      The Clerk of Court will send Plaintiff a blank application to proceed IFP (which he should use when submitting any renewed IFP application).

Date: 9/18/2025

                                                            /s/Virginia M. Kendall
                                                           Chief Judge